IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| FP AUGUSTA II, LLC, and FREEDOM'S PATH LIMITED PARTNERSHIP, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 119-048 |
| CORE CONSTRUCTION SERVICES, LLC, | * * * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Plaintiffs FP Augusta II, LLC and Freedom's Path Limited Partnership's motion to dismiss Defendant Core Construction Services, LLC's counterclaim. (Doc. 21.) The motion seeks dismissal of Counts III and IV of the counterclaim. The motion is denied for the following reasons.

## I. Background

This case arises out of construction and renovation work on the Charlie Norwood Veterans Administration Campus in Augusta, Georgia (the "Project"). Plaintiffs contracted with Defendant across two contracts for Defendant to conduct renovations on the Project. Plaintiffs filed suit alleging that Defendant breached both contracts for essentially failing to perform the contracted-for work on time and up to specification. (Compl., Doc., 1-1, at 2-7.)

Defendant counterclaimed, asserting in Counts I and II that Plaintiffs were the ones who had breached and in Counts III and IV that Plaintiffs were unjustly enriched. (Answer, Affim. Defenses, Countercl., Doc. 7, at 14-16.) Now before the Court is Plaintiffs' motion to dismiss Counts III and IV of the counterclaim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Courts treat counterclaims like complaints for purposes of Rule 12(b)(6) motions. See, e.g., United States v. Jallali, 478 F. App'x 578, 579-80 (11th Cir. 2012); see also Tenn. Valley Auth. v. Long, No. 4:12-CV-704-VEH, 2012 WL 2862044, at *2 n.1 (N.D. Ala. July 9, 2012) ("A counterclaim is treated under the same motion to dismiss standards as a complaint."). A motion to dismiss a counterclaim does not test whether the claimant will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all facts alleged in the counterclaim and construe all reasonable inferences in the light most favorable to the counterclaimant. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A counterclaim must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The counterclaimant is required to plead "factual content that allows the court to draw the reasonable inference that the [counter]defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the counterclaim will support the cause of action, dismissal is appropriate. See Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

### III. Discussion

Plaintiffs move to dismiss Counts III and IV of the counterclaim on the grounds that under Georgia law, unjust enrichment is not available when a legal contract between the parties is alleged to exist. Although this principle is correct, the law on the issue is more nuanced when applied at the pleading stage and bears further exploration.

A party may plead unjust enrichment as an alternative to breach of contract but cannot recover on both theories. See Terril v. Electrolux Home Prods., Inc., 753 F. Supp. 2d 1272, 1291 (S.D. Ga. 2010) (stating that "[a] plaintiff may plead inconsistent remedies,

3

even if the plaintiff may not recover both" in the context of breach of contract and unjust enrichment claims). However, a party may not plead equitable claims in the alternative unless the parties contest the existence of an express contract governing the subject matter of the dispute. See Goldstein v. Home Depot U.S.A., Inc., 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009). A party may likewise plead an equitable theory if it alleges that the beneficiary received a benefit outside the scope of an express contract. See Ballard Marine Constr., Inc. v. CDM Constructors., Inc., CV 417-118, 2018 WL 3090393 at *3 (S.D. Ga. 2018) (finding that a plaintiff states a cause of action for unjust enrichment when it alleges the defendant received a benefit outside the scope of an acknowledged contract).

Moreover, courts have found that when a claim for equitable relief reincorporates an allegation that a contract exists, the acknowledgment of the contract causes the equitable claim to fail because in such cases there is no dispute as to the existence of a contract. See Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006) ("[O]ne cannot claim within a single count that there was an agreement and that the [defendant] was unjustly enriched."); Goldstein, 609 F. Supp. 2d at 1347 (dismissing equitable claim when plaintiff incorporated into equitable claim allegations that plaintiff and defendant had entered into contract); Gilbert v. Powell, 301 S.E.2d 683, 686 (Ga. Ct. App. 1983) (upholding trial court's decision to strike claim for equitable relief when that claim acknowledged an express contract).

With this background the Court turns to the case at hand. Counts III and IV of Defendant's counterclaim are carefully pleaded to state claims for unjust enrichment, and specifically seek compensation for work performed by Defendant pursuant to change orders outside the scope of the express contracts. Counts III and IV do not reference any contract between Plaintiffs and Defendant. Rather, these counts are appropriately pleaded as alternatives to the claims in Counts I and II made under the express contracts. Accordingly, they need not be dismissed at this stage.

## IV. Conclusion

Upon the foregoing, Plaintiffs' motion to dismiss Counts III and IV of Defendant's counterclaim (Doc. 21) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 10th day of December, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA