IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FP AUGUSTA II, LLC, and          *
FREEDOM'S PATH LIMITED           *
PARTNERSHIP,                     *
                                 *
        Plaintiffs,              *
                                 *
        v.                       *          CV 119-048
                                 *
CORE CONSTRUCTION SERVICES,      *
LLC,                             *
                                 *
        Defendant.               *
                                 *

_____

**O R D E R**

_____

Before the Court are Defendant Core Construction, LLC's ("Core") motions in limine to exclude the expert testimony of Mr. Michael D. Palacio (Doc. 100) and Mr. Chip Bullock, Jr. (Doc. 101). For the following reasons, Defendant's motion to exclude Mr. Palacio's testimony (Doc. 100) is **GRANTED IN PART and DENIED IN PART** and Defendant's motion to exclude Mr. Bullock's testimony (Doc. 101) is **DENIED**.

**I. BACKGROUND**

This contract dispute arises out of the renovation of three historic buildings on the Charlie Norwood Veterans Administration Campus in Augusta, Georgia (the "Project"). The factual background has been thoroughly discussed in the Court's prior Orders in this

case.  (Docs. 60, 130.)  At issue here is the admissibility of the reports and testimony provided by two of Plaintiffs' expert witnesses: Mr. Michael D. Palacio, a certified professional estimator who provided opinions about cost estimates on the Project, and Mr. Chip Bullock, Jr., a licensed architect and project leader who provided opinions about the condition of certain punch list items on the Project.

## II. LEGAL STANDARD

First, the Court will address the standard employed to analyze such disputes.

### A. Daubert Standard

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

"As the Supreme Court recognized in Daubert v. Merrell Dow Pharms., Inc., [509 U.S. 579 (1993)], Rule 702 plainly contemplates that the district court will serve as a gatekeeper to the admission of

[expert] testimony." Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003). "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999) (citation omitted).

The Eleventh Circuit has explained that district courts are to engage in a three-part inquiry to determine the admissibility of expert testimony under Rule 702. Quiet Tech., 326 F.3d at 1340. Specifically, the court must consider whether:

> (1) [t]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. at 1340-41 (citation omitted).

First, an expert may be qualified to testify due to his knowledge, skill, experience, training, or education. Trilink Saw Chain, LLC v. Blount, Inc., 583 F. Supp. 2d 1293, 1304 (N.D. Ga. 2008). "A witness's qualifications must correspond to the subject matter of his proffered testimony." Anderson v. Columbia Cnty., No. CV 112-031, 2014 WL 8103792, at *7 (S.D. Ga. Mar. 31, 2014) (citing Jones v. Lincoln Elec. Co., 188 F.3d 709, 723 (7th Cir. 1999)). However, an expert's training need not be narrowly

tailored to match the exact point of dispute.  McDowell v. Brown, 392 F.3d 1283, 1297 (11th Cir. 2004).

Second, the testifying expert's opinions must be reliable. In Daubert, the Supreme Court directed district courts faced with the proffer of expert testimony to conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. at 592-93.  There are four factors that courts should consider: (1) whether the theory or technique can be tested, (2) whether it has been subject to peer review, (3) whether the technique has a known or potential rate of error, and (4) whether the theory has attained general acceptance in the relevant community.  Id. at 593-94. "These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion."  United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004) (citations omitted). For example, experience-based experts need not satisfy the factors set forth in Daubert.  See United States v. Valdes, 681 F. App'x 874, 881 (11th Cir. 2017) (affirming admission of testimony from expert identifying firearms based upon years of experience working with firearms).  However, "[t]he inquiry is no less exacting where the expert 'witness is relying solely on experience' rather than

scientific methodology." Summit at Paces, LLC v. RBC Bank, No. 1:09-cv-03504, 2012 WL 13076793, at *2 (N.D. Ga. May 22, 2012) (quoting FED. R. EVID. 702, advisory committee's note to 2000 amendment)). Bearing in mind the diversity of expert testimony, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

Regardless of the specific factors considered, "[p]roposed testimony must be supported by appropriate validation – i.e., 'good grounds,' based on what is known." Daubert, 509 U.S. at 590. In most cases, "[t]he expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded." FED. R. EVID. 702, advisory committee's note to 2000 amendment. "Presenting a summary of a proffered expert's testimony in the form of conclusory statements devoid of factual or analytical support is simply not enough" to carry the proponent's burden. Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1113 (11th Cir. 2005). Thus, "if the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that

experience is reliably applied to the facts." <u>Frazier</u>, 387 F.3d
at 1261 (citation omitted).

Third, expert testimony must assist the trier of fact to
decide a fact at issue. The Supreme Court has described this test
as one of "fit." <u>Daubert</u>, 509 U.S. at 591. To satisfy this
requirement, the testimony must concern matters beyond the
understanding of the average lay person and logically advance a
material aspect of the proponent's case. <u>Id.</u>; <u>Frazier</u>, 387 F.3d
at 1262. Yet, "[p]roffered expert testimony generally will not
help the trier of fact when it offers nothing more than what
lawyers for the parties can argue in closing arguments." <u>Frazier</u>,
387 F.3d at 1262-63. At times, expert testimony is required in
contract interpretation to "clarify or define terms of art,
science, or trade." <u>TCP Indus., Inc. v. Uniroyal, Inc.</u>, 661 F.2d
542, 549 (6th Cir. 1981).

### III. ANALYSIS

#### A. Qualifications

As an initial matter, Core does not dispute that both Mr.
Palacio and Mr. Bullock have the requisite qualifications to offer
their respective expert opinions. Mr. Palacio is a certified
professional estimator with over twenty years of experience in the
design and construction industry. (Doc. 100, at 17.) Mr. Bullock
is a licensed architect and project leader with over thirty years

6

of experience.  (Doc. 101, at 21, 40:19-22.)  The Court finds both Mr. Palacio and Mr. Bullock qualified as expert witnesses under the first prong.

**B. Reliability**

Next, Core claims the experts' testimony should be excluded as unreliable.  As explained below, the Court disagrees, and Core's objections on reliability are overruled.

1. <u>Mr. Palacio</u>

Core claims "Mr. Palacio's testimony must be excluded because his opinions are not based upon reliable facts, data or methodology."  (Doc. 100, at 4.)  Core's reliability objection can be broadly categorized into two arguments: (1) "[Mr.] Palacio's findings regarding Cost Items 4, 14, 31, 32, 36, and 37 are not based upon sufficient facts or data," and (2) "the conclusions reached in his Report are the product of unreliable estimating methods."  (<u>Id.</u>, at 5.)  Core also claims Mr. Palacio engaged only in "partial analysis," that his cost estimates are "biased" and "lack important context," and that one of his findings is "entirely presumptive."  (<u>Id.</u> at 5-6.)

First, Core argues Mr. Palacio's findings regarding several cost items are not based on sufficient facts or data.  Core takes issue with Mr. Palacio's "admi[ssion] that his role was purely to validate Plaintiffs' cost estimates."  (<u>Id.</u>, at 5.)  However, Core does not show why Mr. Palacio could not achieve that goal reliably.

For example, Core objects to Mr. Palacio's opinions about proper pricing for grading and topsoil because, it claims, the project scope excluded new topsoil. (Id. 5-6.)  This is not a reliability objection, but a fit objection.  The Court will address relevance below as part of its fit analysis.  See infra at 12.

Regarding other cost items, Core objects that Mr. Palacio "failed to review Project plans, drawings or specifications," "exclusively relied upon information provided by [Plaintiffs]," and "relied almost exclusively on telephone conversations with [Plaintiffs] as opposed to actual subcontractor pricing." (Id. at 6-8.)  In each of these cases, however, Mr. Palacio cites to his own experience in the industry as his basis for estimating the relevant costs.  (See, e.g., Id. at 45:10-15 ("Yeah, for an item like this, this is just experience.  We've done many, many projects with pavilion as a scope of work . . . So pricing the sidewalk is just historical data experience.").)  In each instance, Mr. Palacio utilized his experience to opine on costs for these various cost items; Core's disagreement with those calculations is not a basis for disqualification, but a dispute to be addressed at trial. Souder v. Floyd Cnty., No. 4:03-cv-0085, 2005 WL 6218033, at *6 (N.D. Ga. Mar. 22, 2005) ("[C]ontrary evidence goes not to the admissibility of the expert testimony; rather, it goes to the weight of that testimony.").  Core's objections as they relate to reliability are overruled.

## 2. Mr. Bullock

Core also claims "Mr. Bullock's testimony must be excluded because his opinions are not based upon reliable facts, data or methodology." (Doc. 101, at 7.)   Core's reliability objections can be categorized into three arguments: (1) Mr. Bullock's testimony will contradict other evidence showing the buildings' dates of substantial completion; (2) Mr. Bullock's testimony "is primarily based on a review of [p]unch [l]ists prepared by [Plaintiffs] and unauthenticated photographs depicting the alleged outstanding work;" and (3) Mr. Bullock's testimony is subjective and "fails to rely on an objective, independent inquiry." (Id. at 7-10.)

First, the assertion that Mr. Bullock's testimony may contradict other evidence does not create a reliability problem. As noted above, "[t]he fact that other evidence in the record contradicts or disputes an expert's opinion does [not] necessarily warrant exclusion of the expert's opinion." Souder, 2005 WL 6218033, at *6.

Second, Core objects to Mr. Bullock's reliance on punch lists and "unauthenticated" photographs, both provided to him by Plaintiffs. (Doc. 101, at 8.)   Core does not specify why it objects to reliance on the punch lists, but argues the photographs are both inadmissible and highly prejudicial to Core. (Id. at 10.)   However, "[u]nlike an ordinary witness . . . an expert is

permitted wide latitude to offer opinions, including those that
are not based on firsthand knowledge or observation." Daubert,
509 U.S. at 592.  And while

> Rule 703 . . . is not an open door to all inadmissible
> evidence . . . experts are sometimes allowed to refer to
> hearsay evidence as a basis for their testimony [if]
> . . . such hearsay [evidence is the type] of evidence
> reasonably relied upon by experts in the particular
> field in forming opinions or inferences on the subject.

U.S. v. Scrima, 819 F.2d 996, 1002 (11th Cir. 1987) (internal
citation omitted).  Here, Mr. Bullock stated:

> [I]t is very common and reasonable for architects in the
> State of Georgia to utilize photographic documentation
> to review and evaluate jobsite conditions in performing
> construction administration functions, such as reviewing
> and determining punch list issues.  It is also very
> common and reasonable for architects in the State of
> Georgia to cross-reference photographic documentation
> with contract documents to determine the quality and
> completeness of work.

(Doc. 111-1, ¶ 7.)  Because photographs and punch lists are
reasonably relied upon by experts in Mr. Bullock's field to form
opinions or inferences on the subjects at issue, Mr. Bullock's
reliance thereon is permissible.

Core's arguments regarding authentication and prejudice are
also overruled.  Plaintiffs state the photographs were taken by
their representative, Mr. Charmforoosh, whom they plan to call at
trial, and whom they aver will authenticate the same.  (Doc. 111,
at 10.)  Core's only 'prejudice' argument - that Mr. Bullock's
analysis was completed before Core allegedly remedied its

defective work – is also insufficient.  As Plaintiffs correctly note, "objections to the inadequacies of [expert evidence] are more appropriately considered an objection going to the weight of the evidence rather than its admissibility."  (Doc. 111, at 13 (quoting <u>Rosenfeld v. Oceania Cruises, Inc.</u>, 654 F.3d 1190, 1193 (11th Cir. 2011)).

Finally, Mr. Bullock has outlined how his testimony relies on an objective, independent inquiry; therefore, Plaintiffs final objection is overruled.  (<u>See</u> Doc. 111-1, ¶¶ 3-8.)

## C. Helpfulness/Fit

Under this requirement, which is concerned primarily with relevance, the Court must consider whether the expert testimony "is sufficiently tied to the facts of the case that it will aid the [factfinder] in resolving a factual dispute."  <u>Korsing v. United States</u>, No. 16-22190-CIV, 2017 WL 7794276, at *3 (S.D. Fla. Aug. 24, 2011) (citation omitted).

### 1. <u>Mr. Palacio</u>

Core claims Mr. Palacio's testimony would fail to assist the factfinder because his report "functions as a subjective extension of Plaintiffs' claim for damages."  (Doc. 100, at 9.)  Core also argues Mr. Palacio's testimony is "unreliable speculation" that should be stricken.  (<u>Id.</u> at 10.)  Above, the Court noted that at least one of Core's 'reliability' objections is more properly construed as an objection to helpfulness.  (<u>See</u> *supra* at 8.)  Core

11

alleges Mr. Palacio provided testimony about topsoil and grading costs even though the scope of the Project did not include any new topsoil. Core essentially alleges this estimate is irrelevant because the Project plans exclude new topsoil. (Doc. 100, at 5-6.)

First, Core's argument that Mr. Palacio's testimony is "unreliable speculation" has already been overruled above in Section B, *supra* at 7. Second, the Court disagrees that Mr. Palacio's testimony would be a "subjective extension of Plaintiffs' claim for damages." (Doc. 100, at 9.) While Mr. Palacio relied on Plaintiffs' representative to clarify some cost items, Plaintiff claims some of Mr. Palacio's testimony differs from Plaintiffs' own claimed costs in a way unfavorable to them. (Doc. 110, at 8.) Mr. Palacio is independently qualified to render opinions about construction costs based on his years of experience in the industry, and Core has not provided any evidence that, as it claims, Mr. Palacio is simply a "hired gun." (Doc. 100, at 9-10.) Third, and finally, to the extent Mr. Palacio's testimony includes cost estimates for work not actually performed (or contracted for), such testimony is excluded. For example, in the context of topsoil, Mr. Palacio's opinion included costs for both topsoil and grading, part of which was allegedly excluded from the contract scope. Opinions about cost estimates that include work not performed on this project could confuse the factfinder, and to

the extent Mr. Palacio's testimony and/or report include such information, Core's objection is sustained, and such extraneous evidence will be excluded.

    2. <u>Mr. Bullock</u>

    Finally, Core claims the probative value of Mr. Bullock's testimony regarding substantial completion "is substantially outweighed by the risk of prejudice, confusion, and waste of time." (Doc. 101, at 11.)  Core is essentially concerned Mr. Bullock's testimony will "invalidate the [Plaintiffs'] own certification" of substantial completeness on the projects.  (<u>Id.</u>)

    Again, "[t]he fact that other evidence in the record contradicts or disputes an expert's opinion does [not] necessarily warrant exclusion of the expert's opinion . . . contrary evidence goes not to the admissibility of the expert testimony; rather, it goes to the weight of that testimony." <u>Souder</u>, 2005 WL 6218033, at *6.  Core's final objection is overruled.


## IV. CONCLUSION

    For the foregoing reasons, Defendant's motion to exclude Mr. Palacio's testimony (Doc. 100) is **GRANTED IN PART and DENIED IN PART** and Defendant's motion to exclude Mr. Bullock's testimony (Doc. 101) is **DENIED**.  Defendant's motion to exclude Mr. Palacio's testimony is **GRANTED** only to the extent Mr. Palacio provides

opinions about cost estimates for work not performed on the Project.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of March, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA